[Civ. No. 44725. First Dist., Div. Two. Jan. 24, 1980.]

In re JAMES A., a Minor.
THE PEOPLE, Plaintiff and Respondent, v.
JAMES A., Defendant and Appellant.

[Civ. No. 44727.

In re MICHAEL H., a Minor.
THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL H., Defendant and Appellant.

Counsel

Robert Nicco and Jeff Brown, Public Defenders, Grace L. Suarez, Deputy Public Defender, and Bernard Zimmerman for Defendants and Appellants.

Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, William D. Stein and J. Patrick Collins, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

LINDSAY, J.*—These two juvenile cases have been consolidated on appeal because they raise the same issue, namely, whether a juvenile court has discretion to commit a minor to the Youth Authority (or other facility) for a period less than the "maximum term" as prescribed by Welfare and Institutions Code, section 726. Both appeals challenge orders of the San Francisco Superior Court sitting as a juvenile court.

STATEMENT OF FACTS

I. JAMES A.

A petition filed in juvenile court on May 4, 1978, pursuant to section 602 of the Welfare and Institutions Code, accused 16-year-old James A. of grand theft from the person (Pen. Code, § 487). On May 5, the petition was amended to add a second charge of attempted grand theft from the person.

On May 13, the minor escaped from the juvenile hall and remained at large until June 25. The petition was amended to add charges of escape (Welf. & Inst. Code, § 871), burglary (Pen. Code, § 459) committed on or about June 17, and receiving stolen property (Pen. Code, § 496) on or about June 2. At the jurisdictional hearing on June 29, 1978, after having been given his required constitutional warnings (Welf. & Inst. Code, § 702.5), the minor admitted the escape, the burglary, and receiving stolen property, whereupon the other charges were dismissed.

At the disposition hearing on June 30, the minor was declared a ward, and the juvenile court judge committed the minor to the Youth Authority for a maximum period of three years,[1] erroneously thought to be "the median term." However, following a recess (during which time the juvenile judge made the commitment order in Michael H.) the

---

*Assigned by the Chairperson of the Judicial Council.

[1]The record does not show whether the burglary was first ·or second degree. In the absence of such finding by the court, it shall be deemed as second degree burglary (see Pen. Code, § 1157) the punishment for which is either imprisonment in county jail not exceeding one year or in the state prison for sixteen months, two or three years (Pen. Code, §§ 18, 461). The punishment for receiving stolen property is the same (Pen. Code, §§ 18, 496, subd. 1).

court vacated that portion of the commitment order providing for a maximum term of three years and ordered "that he may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the same offenses."

## II. MICHAEL H.

A petition filed in the juvenile court on May 5, 1978, pursuant to section 602 of the Welfare and Institutions Code, accused 15-year-old Michael H. of burglary (Pen. Code, § 459) and receiving stolen property (Pen. Code, § 496). On May 17, another petition (subsequently dismissed) was filed in which the minor was charged with three counts of battery (Pen. Code, § 242).

After a contested jurisdictional hearing on the first petition before a referee, the allegations of the petition were found to be true as to the burglary charge (second degree) and the charge of receiving stolen property was dismissed. At the disposition hearing on May 30, the referee continued wardship and committed the minor to the Youth Authority for a period not to exceed two years.

The minor applied to the juvenile court judge for a rehearing on the dispositional phase only (Welf. & Inst. Code, § 252). At rehearing, on June 30, the court committed the minor to the Youth Authority "for a period not in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the same offense."

In both cases the commitment orders were made over the objection that section 726 of the Welfare and Institutions Code is unconstitutional.

### THE REQUIREMENTS OF SECTION 726 IN THE JUVENILE COMMITMENT PROCESS

The minors argue that section 726 of the Welfare and Institutions Code does not preclude the juvenile court from ordering the commitment of a minor to the Youth Authority for a period less than the maximum term an adult could serve for the same offense, and that the maximum term of physical confinement of a ward of the juvenile court is within the discretion of the juvenile court.

Section 726, subdivision (c), provides in relevant part: "In any case in which the minor is removed from the physical custody of his parent or guardian as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court. [¶] As used in this section and in Section 731, 'maximum term of imprisonment' means the longest of the three time periods set forth in paragraph (2) of subdivision (a) of Section 1170 of the Penal Code, but without the need to follow the provisions of subdivision (b) of Section 1170 of the Penal Code...plus enhancements which must be proven if pled."[2]

Section 731 of the Welfare and Institutions Code similarly provides in pertinent part: "A minor committed to the Youth Authority may not be held in physical confinement for a period of time in excess of the maximum period of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court...."

■ The courts of this state have long recognized that an order of commitment under section 726 of the Welfare and Institutions Code is for an indeterminate term, that it is for the Youth Authority, after observation of a minor committed to it, to fix the actual term of his physical confinement (see *In re Herrera* (1943) 23 Cal.2d 206 [143 P.2d 345]). The recognition of this role of the Youth Authority has not changed since section 726 was amended (effective Oct. 1, 1977) to include the challenged language here under review (see e.g., *In re Edward B.* (1979) 94 Cal.App.3d 362, 365 [156 Cal.Rptr. 405]; *In re James V.* (1979) 90 Cal.App.3d 300, 308 [153 Cal.Rptr. 334]). ■ Appellants nevertheless argue that the legislative intent of section 726 is to give ju-

---

[2]Penal Code, section 1170, subdivision (b), provides: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime. At least four days prior to the time set for imposition of judgment either party may submit a statement in aggravation or mitigation to dispute facts in the record or the probation officer's report, or to present additional facts. In determining whether there are circumstances that justify imposition of the upper or lower term, the court may consider the record in the case, the probation officer's report, other reports including reports received pursuant to Section 1203.03 and statements in aggravation or mitigation submitted by the prosecution or the defendant, and any further evidence introduced at the sentencing hearing. The court shall set forth on the record the facts and reasons for imposing the upper or lower term...."

venile courts the same discretion in determining a minor's term of commitment to the Youth Authority as superior court judges have in fixing an adult criminal's sentence under the Determinate Sentencing Act. There is, however, no merit to this argument. A juvenile court commitment to the Youth Authority under section 726 specifies a maximum term. It is not a determinative order. Subject to statutory limitations the Youth Authority has discretionary power with respect to the term of confinement (Welf. & Inst. Code, § 1766). ■ In the case of *In re Eric J.* (1979) 25 Cal.3d 522 [159 Cal.Rptr. 317, 601 P.2d 549], the Supreme Court rejected the contention that Welfare and Institutions Code, section 726, denies minors equal protection of the laws by providing that the maximum term of confinement for a juvenile is the longest term imposable on an adult for the same offense, without the necessity of finding circumstances in aggravation of the crime justifying imposition of the upper term as is required in adult criminal procedure by Penal Code, section 1170, subdivision (b). In its decision, the court said, at pages 531-532: "The state does not have the same purpose in sentencing adults to prison that it has in committing minors to the Youth Authority. Adults convicted in the criminal courts are sentenced to prison as punishment (Pen. Code, § 1170, subd. (a)(1)) while minors adjudged wards of the juvenile courts are committed to the Youth Authority for the purposes of treatment and rehabilitation (*In re Aline D.* (1975) 14 Cal.3d 557, 567 [121 Cal.Rptr. 816, 536 P.2d 65]). [¶] This distinction has been significantly sharpened recently. Under the Indeterminate Sentence Law...the purposes of imprisonment were deterrence, isolation and rehabilitation....[¶] The enactment of the Uniform Determinate Sentencing Act marked a significant change in the penal philosophy of this state regarding adult offenders. 'The Legislature finds and declares that the purpose of imprisonment for crime is punishment....' (Pen. Code, § 1170, subd. (a)(1).) [¶] There has been no like revolution in society's attitude toward juvenile offenders. It is still true that '[j]uvenile commitment proceedings are designed for the purposes of rehabilitation and treatment, not punishment.' (*In re Aline D., supra,* 14 Cal.3d 557, 567.) Therefore, Juvenile Court Law continues to provide for indeterminate terms, with provision for parole as soon as appropriate. (Welf. & Inst. Code, § 1176.)"

The foregoing language from *Eric J.* answers the appellants' contentions in this case. See also, *In re Owen E.* (1979) 23 Cal.3d 398 [154 Cal.Rptr. 204, 592 P.2d 720], holding that the Legislature, in enacting Welfare and Institutions Code, section 779, which authorizes the juvenile court to change, modify, or set aside the order of commitment to

the Youth Authority, did not intend to authorize the juvenile court to substitute its judgment for that of the Youth Authority, and that a juvenile court may not act to vacate a proper commitment to the Youth Authority unless it appears that the Youth Authority has failed to comply with law or has abused its discretion in dealing with a ward in its custody.

### CONCLUSION

Section 726 of the Welfare and Institutions Code is constitutional. It is clearly directive and requires the juvenile court judge to automatically specify in his commitment order the maximum period of confinement corresponding to the applicable upper terms set forth in Penal Code, section 1170, subdivision (a)(2).

### MODIFICATION OF COMMITMENT ORDERS

The commitment orders in these two cases merely provide for commitment to the Youth Authority for a period not in excess of the maximum terms which an adult would serve for the same offense(s). Rule 1373(b) of the California Rules of Court[3] provides in part: "(b) When the minor is removed from the physical custody of his parent or guardian as the result of an order of wardship made pursuant to section 602, the disposition order shall specify the maximum period of confinement determined in accordance with section 726." (As amended, eff. Jan. 1, 1978.) The orders fail to comply with this rule (see *In re John W.* (1978) 81 Cal.App.3d 994 [146 Cal.Rptr. 826]).

In the case of *In re James A.*, the minor was committed to the Youth Authority after he admitted the charges of burglary, a felony, receiving stolen property, a felony, and escape from juvenile hall, a misdemeanor. As noted (in fn. 1), the juvenile court failed to find whether the burglary was first or second degree burglary, and therefore it must be deemed to be second degree burglary (Pen. Code, § 1157; *In re Eric J., supra,* 25 Cal.3d 522, 529). The juvenile court failed to indicate whether the terms for the multiple offenses were to run concurrently or consecutively. In such instances any doubt is resolved in favor of the minor, which means that the terms are to run concurrently (*In re*

---

[3]Rules of Court carry the weight of law unless in conflict with existing statute (*Cantillon v. Superior Court* (1957) 150 Cal.App.2d 184, 187 [309 P.2d 890]; Cal. Const., art. VI, § 6).

*Robert S.* (1979) 92 Cal.App.3d 355, 363-364 [154 Cal.Rptr. 832]). Accordingly, the order of commitment is modified to recite that the minor's maximum period of confinement may not exceed three years (see Pen. Code, §§ 18, 461, 496, subd. 1).

In the case of *In re Michael H.*, the juvenile court found the minor violated Penal Code, section 459—burglary, second degree—a felony. Accordingly, the order of commitment to the Youth Authority should be modified to recite that the minor's maximum period of confinement may not exceed three years (see Pen. Code, §§ 18, 461).

As modified, the order in each case is affirmed.

Taylor, P. J., and Rouse, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 17, 1980. Newman, J., was of the opinion that the petition should be granted.