[No. A057418. First Dist., Div. Three. Apr. 14, 1993.]

In re PRENTISS C., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
PRENTISS C., Defendant and Appellant.

**COUNSEL**

Andrew Cappelli, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Laurence K. Sullivan and Jeff Bryant, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WHITE, P. J.**—At a contested jurisdictional hearing, the juvenile court found Prentiss C. committed the following crimes: rape (Pen. Code, § 261. subd. (2));[1] forcible oral copulation (§ 288a, subd. (c)); rape by foreign

---

[1]Unless otherwise indicated, all further statutory references are to the Penal Code.

object (§ 289, subd (a)); attempted robbery (two counts) (§§ 211/664); false imprisonment (two counts) (§ 236); exhibiting a firearm (§ 417, subd. (b)); and disturbing the peace (§ 415.5). The court concluded appellant came within the provisions of Welfare and Institutions Code section 602 and committed him to the California Youth Authority. In setting the maximum period of confinement, the court calculated full consecutive terms for the sex offenses pursuant to section 667.6, subdivisions (c) and (d). Using this method, the court set the maximum period of confinement at 27 years and 5 months.

The minor raises only one issue on appeal. He contends the court erred by relying on section 667.6 to calculate the maximum period of confinement. (Welf. & Inst. Code, § 726.) In the minor's view, the court should have calculated the maximum period of confinement by imposing one-third the base term for the sex offenses under section 1170.1, subdivision (a). We affirm.

## Discussion

Welfare and Institutions Code section 726 provides in pertinent part: "In any case in which the minor is removed from the physical custody of his parent or guardian as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period *in excess of the maximum term of imprisonment which could be imposed upon an adult* convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court. . . . [¶] If the court elects to aggregate the period of physical confinement on multiple counts, or multiple petitions . . . the 'maximum term of imprisonment' shall be specified *in accordance with* subdivision (a) of Section 1170.1 of the Penal Code." (Italics added.)

Section 1170.1, subdivision (a) provides in pertinent part: "[W]hen any person is convicted of two or more felonies . . . and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment . . . shall be the sum of the principal term, the subordinate term, and *any additional term imposed pursuant to [inter alia] Section 667.6* . . . ." (Italics added.)

Generally, section 1170.1, subdivision (a) imposes one-third of the midrange for a "subordinate" consecutive term. By contrast, section 667.6 subdivision (c) provides: "In lieu of the term provided in Section 1170.1, a

full, separate, and consecutive term *may* be imposed for each" of several specified sex offenses, including rape, forcible oral copulation and penetration by foreign object. (Italics added.) In addition, section 667.6, subdivision (d) *requires* the court to impose full consecutive sentences for certain sex crimes (including rape, forcible oral copulation and penetration by foreign object) if they involve separate victims or the same victim on separate occasions. (See *People* v. *Pena* (1992) 7 Cal.App.4th 1294, 1317 [9 Cal.Rptr.2d 550].)

The juvenile court referee did not specify which subsection he was relying on in calculating full consecutive terms under section 667.6. However, the evidence would support discretionary full consecutive sentences under subdivision (c), as well as mandatory consecutive sentences under subdivision (d) of section 667.6.[2]

 Appellant contends sentencing under section 667.6 is an "alternative" sentencing scheme to the one provided in section 1170.1, subdivision (a), because the first line of section 667.6, subdivision (c) provides that full consecutive terms may be imposed "*[i]n lieu* of the term provided in Section 1170.1, . . ." (Italics added.) (See also *People* v. *Belmontes* (1983) 34 Cal.3d 335, 345-346 [193 Cal.Rptr. 882, 667 P.2d 686].) According to appellant, when the court calculated the maximum period of imprisonment on the basis of section 667.6, it violated the directive that an aggregate " 'maximum term of imprisonment' shall be specified *in accordance with* subdivision (a) of Section 1170.1 of the Penal Code." (Welf. & Inst. Code, § 726, italics added.) We disagree.

 In interpreting a statute, a court "should seek to effectuate the intent of the law, acting in a reasonable fashion to give the statute a sensible construction in accordance with the purpose of the lawmakers, to promote rather than defeat the policy underlying the legislation." (*People* v. *Superior Court (Price)* (1984) 150 Cal.App.3d 486, 489 [198 Cal.Rptr. 61].) Consequently, we must look to the overall purpose of the statute, which, in this case, is to ensure that a minor is not held "in physical confinement for a period *in excess of the maximum term of imprisonment which could be imposed upon an adult*" for the same offenses. (Welf. & Inst. Code, § 726, italics added; *In re James A.* (1980) 101 Cal.App.3d 332, 338 [161 Cal.Rptr. 588].)

---

[2]Whether the referee relied on subdivision (c) or subdivision (d) is irrelevant to our analysis, since the "maximum period of imprisonment" would be the same under either section.

If we apply section 667 to determine the maximum aggregate term for multiple sex offenses, we promote the policy underlying Welfare and Institutions Code section 726 because that is how "the maximum term which could be imposed upon an adult" is calculated. Nothing in Welfare and Institutions Code section 726 requires that we find otherwise. ██ ██

 Although the juvenile court must[3] calculate the maximum term of imprisonment for multiple offenses "*in accordance with* subdivision (a) of Section 1170.1 of the Penal Code," that is precisely what the court did in this case. (Welf. & Inst. Code, § 726, italics added.) Section 1170.1, subdivision (a) *itself* provides that "the aggregate term of imprisonment . . . shall be the sum of the principal term, the subordinate term, and any additional term imposed pursuant to Section 667, 667.5, *667.6,* or 12022.1, and pursuant to Section 11370.2 of the Health and Safety Code." (Italics added.) Thus, to be in accord with section 1170.1, subdivision (a), the court was required to impose full consecutive terms under section 667.6, subdivisions (c) and (d).

Nevertheless, appellant argues that the reference to section 667.6 in the quoted language is not to subdivisions (c) and (d), which provide for full consecutive sentencing, but to subdivisions (a) and (b) of section 667.6 which provide for enhancements where a defendant has previously been convicted of a sex offense. The short answer to this contention is: if the Legislature wished to limit section 1170.1 in this manner, it could have easily done so by referring to the specific subsections. Instead, the statute states the "aggregate term of imprisonment shall be the sum of the principal term, the subordinate term, and *any* additional term imposed pursuant to Section . . . 667.6, . . ." (Italics added.) Significantly, section 667.6, subdivisions (c) and (d) do not describe the terms imposed under those sections as "subordinate" terms; instead, they impose *additional* terms which are added to the terms calculated under section 1170.1.[4]

In short, the method used by the juvenile court ensured that the minor will not be held "in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult" for the same offenses. (Welf. & Inst. Code, § 726; *In re James A. supra,* 101

---

[3] Of course, the court is not *required* to aggregate multiple periods of confinement; however, once it elects to do so it must act in accordance with subdivision (a) of section 1170.1. (*In re Jesse F.* (1982) 137 Cal.App.3d 164, 168, 170 [186 Cal.Rptr. 841].)

[4] Both subdivisions (c) and (d) provide that the full consecutive sentences imposed "shall be served consecutively to any other term of imprisonment, and shall commence from the time the person would otherwise have been released from imprisonment. The term shall not be included in any determination pursuant to Section 1170.1."

Cal.App.3d at p. 338.) Moreover, nothing in the statutory scheme prevented the court from relying on subdivisions (c) and (d) of section 667.6.

Consequently, we affirm the judgment.

Merrill, J., and Werdegar, J., concurred.

A petition for a rehearing was denied May 14, 1993, and appellant's petition for review by the Supreme Court was denied July 22, 1993.