[No. F041423. Fifth Dist. Oct. 27, 2003.]

In re BRYANT R., JR., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
BRYANT R., JR., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

**1232**

**COUNSEL**

Tim Warriner, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Robert P. Whitlock and Kelly C. Fincher, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ARDAIZ, P. J.**—Welfare and Institutions Code section 726 states in part that

"[i]n any case in which the minor is removed from the physical custody of his or her parent or guardian as a result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court."[1] The statute then goes on to define "maximum term of imprisonment." Pertinent to this case is the sentence of section 726 which reads: "If the court elects to aggregate the period of confinement on multiple counts, or multiple petitions, including previously sustained petitions adjudging the minor a ward within Section 602, the 'maximum period of imprisonment' shall be the aggregate term of imprisonment specified in subdivision (a) of Section 1170.1 of the Penal Code . . . ." (§ 726.) The issue presented to us in this case is: when the court "elects to aggregate the period of physical confinement on . . . multiple petitions, including previously sustained petitions adjudging the minor a ward within Section 602" (§ 726), must the court necessarily aggregate the period of physical confinement on all previously sustained petitions? As we shall explain, in our view the answer is no. ■ We hold that when the minor has (as in this case) exhausted his available confinement time on one or more previously sustained petitions, the court need not include those petitions when the court "elects to aggregate the period of confinement on . . . multiple petitions" under section 726.

## FACTS

Appellant was adjudged a ward of the court pursuant to section 602 on six separate occasions. A petition filed on September 11, 1997 resulted in appellant admitting a violation of Penal Code section 602 (trespassing). A December 18, 1997, petition resulted in appellant admitting a violation of Penal Code section 647.6 (misdemeanor molestation) and admitting to violating the terms of his probation (§ 777). A July 2, 2001, petition resulted in appellant admitting a violation of Penal Code section 488. A September 18, 2001 petition resulted in appellant admitting a violation of Penal Code section 524 (misdemeanor attempted extortion) and again admitting to violating the terms of his probation (§ 777). An October 23, 2001 petition (later amended on November 7, 2001) resulted in appellant admitting another violation of Penal Code section 488 and again admitting to violating the terms of his probation (§ 777). The sixth petition, filed on July 23, 2002,

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise stated. Rule 1494(b) of the California Rules of Court similarly states: "If the youth is declared a ward under section 602, and ordered removed from the physical custody of a parent or guardian, the court must specify, and note in the minutes the maximum period of confinement under section 726."

resulted in appellant admitting another violation of Penal Code section 488 and again admitting to violating the terms of his probation (§ 777).

At an August 20, 2002 dispositional hearing on the sixth petition, the court ordered appellant continued on terms of probation not to exceed his 21st birthday. The court removed appellant from the custody of his mother, ordered placement and care of appellant to be vested with the probation department, ordered appellant to be delivered to juvenile hall pending placement, and made other appropriate orders. The court also set the maximum confinement time at one year, six months, less 70 days credit for time served.

## I.

## THE COURT PROPERLY AGGREGATED THE PERIOD OF PHYSICAL CONFINEMENT ON PREVIOUSLY SUSTAINED PETITIONS

The court's method of computing the maximum confinement time after appellant's sixth (the July 23, 2002) petition was sustained is the topic of dispute on this appeal. The court elected to "aggregate the period of physical confinement on . . . multiple petitions, including previously sustained petitions." (§ 726.)[2] After appellant's second (the December 18, 1997) petition

---

[2] Section 726, subdivision (c) states:

"In any case in which the minor is removed from the physical custody of his or her parent or guardian as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court.

"As used in this section and in Section 731, 'maximum term of imprisonment' means the longest of the three time periods set forth in paragraphs (2) of subdivision (a) of Section 1170 of the Penal Code, but without the need to follow the provisions of subdivision (b) of Section 1170 of the Penal Code or to consider time for good behavior or participation pursuant to Section 2930, 2931, and 2932 of the Penal Code, plus enhancements which must be proven if pled.

"If the court elects to aggregate the period of physical confinement on multiple counts, or multiple petitions, including previously sustained petitions adjudging the minor a ward within Section 602, the 'maximum term of imprisonment' shall be the aggregate term of imprisonment specified in subdivision (a) of Section 1170.1 of the Penal Code, which includes any additional term imposed pursuant to Section 667, 667.5, 667.6, or 12022.1 of the Penal Code, and Section 11370.2 of the Health and Safety Code.

"If the charged offense is a misdemeanor or a felony not included within the scope of Section 1170 of the Penal Code, the 'maximum term of imprisonment' is the longest term of imprisonment prescribed by law.

" 'Physical confinement' means placement in a juvenile hall, ranch, camp, forestry camp or secure juvenile home pursuant to Section 730, or in any institution operated by the Youth Authority.

was sustained, the court had aggregated appellant's available confinement time and had determined that to be one year and two months. Appellant was then in and out of six different group homes, and exhausted his available confinement time by December 28, 2000, i.e., before the third (the July 2, 2001) petition was filed. Thus, after the sixth (July 23, 2002) petition was filed and was ultimately sustained, the court concluded that there was no more available confinement time from appellant's first two petitions. It aggregated the available confinement time from the last four petitions. Following the dictates of Penal Code section 1170.1, subdivision (a) and section 726, the court calculated the available confinement time as one year and six months by using the principal term of one year on the Penal Code section 524 offense from the fourth sustained petition, and two months each from the third, fifth and sixth sustained petitions (i.e., the three Pen. Code, § 488 offenses).[3]

Appellant contends, however, that the court should have utilized all six sustained petitions in calculating his available confinement time after the sustaining of his current (sixth) petition. His argument is that all six sustained petitions involve "offenses which brought or continued the minor under the jurisdiction of the juvenile court" within the meaning of the second paragraph of section 726. Therefore, he argues, section 726 requires the court to utilize all of the offenses in the six sustained petitions in making the Penal Code section 1170.1, subdivision (a) calculation of the "aggregate term of imprisonment" to be used as the "maximum term of imprisonment" in section 726, i.e., the maximum available period of "physical confinement" for the minor

---

"Nothing in this section shall be construed to limit the power of the court to retain jurisdiction over a minor and to make appropriate orders pursuant to Section 727 for the period permitted by Section 607." For the text of Penal Code section 1170.1, subdivision (a), see footnote 3, *post*.

[3] Penal Code section 1170.1, subdivision (a) states:

"(a) Except as otherwise provided by law, and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third the term imposed for any specific enhancements applicable to those subordinate offenses."

as a result of the sixth sustained petition. (§ 726.)[4] In our view, however, the flaw in appellant's argument is that his conclusion does not logically follow his premise. He is correct that all six of his sustained petitions involve "offenses which brought or continued [him] under the jurisdiction of the juvenile court." ■ But even an adult convicted of those very same six offenses would not be required to serve additional time on his first two offenses if that adult served his entire sentence on the first two offenses before being convicted of the subsequent four offenses. To require a minor to do so would appear to us to be ignoring the objective of section 726 rather than adhering to its requirements.[5]

"In interpreting a statute, a court 'should seek to effectuate the intent of the law, acting in a reasonable fashion to give the statute a sensible construction in accordance with the purpose of the lawmakers, to promote rather than defeat the policy underlying the legislation.' (*People v. Superior Court (Price)* (1984) 150 Cal.App.3d 486, 489 [198 Cal.Rptr. 61].) ■ Consequently, we must look to the overall purpose of the statute, which, in this case, is to ensure that a minor is not held 'in physical confinement for a period *in excess of the maximum term of imprisonment which could be imposed upon an adult*' for the same offenses. ( . . . § 726, italics added; *In re James A.* (1980) 101 Cal.App.3d 332, 338 [161 Cal.Rptr. 588].)" (*In re Prentiss C.* (1993) 14 Cal.App.4th 1484, 1487 [18 Cal.Rptr.2d 541].)

In *People v. Olivas* (1976) 17 Cal.3d 236 [131 Cal.Rptr. 55, 551 P.2d 375], the court held that youthful misdemeanants may not be subjected to the control of the Youth Authority for any period of time in excess of the maximum jail term that might be imposed upon adult misdemeanants committing the same offense. To do so, the court concluded, would constitute "a denial of equal protection in violation of article I, section 7, of the California

---

[4] Appellant contends that his maximum confinement time is 230 days. This is considerably less than the one year, six months, less 70 days (i.e., a total of 475 days) stated by the juvenile court. Appellant's calculation is as follows: a one-year principal term on the Penal Code section 647.6 adjudication on the second (December 18, 1997) petition; plus two months on the Penal Code section 602 adjudication on the first (September 11, 1997) petition; plus two months on the Penal Code section 488 adjudication on the third (July 2, 2001) petition; plus four months on the Penal Code section 524 adjudication on the fourth (September 18, 2001) petition; plus four months on the Penal Code section 488 adjudication on the fifth (October 23, 2001) petition; plus two months on the Penal Code section 488 adjudication on the sixth (July 23, 2002) petition; for a total of two years (730 days), less credit for 500 days spent in custody at juvenile hall. Apparently 430 of those 500 days were spent as a result of the first two sustained petitions.

[5] The "mandate of section 726, subdivision (c)" is "that a juvenile 'not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted' of the same offenses . . . ." (*In re Eric J.* (1979) 25 Cal.3d 522, 536 [159 Cal.Rptr. 317, 601 P.2d 549].) In accord, see also *In re Jovan B.* (1993) 6 Cal.4th 801, 819 [25 Cal.Rptr.2d 428, 863 P.2d 673].

Constitution and the Fourteenth Amendment to the United States Constitution." (*People v. Olivas, supra,* 17 Cal.3d 236, 243, fn. omitted.) In response to *Olivas,* the Legislature in 1976 amended section 726 to state in relevant part: "In any case in which the minor is removed from the physical custody of his parent or guardian as the result of an order or wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense which brought the minor under the jurisdiction of the juvenile court." (Stats. 1976, ch. 1071, § 29, p. 4827.) In *In re Aaron N.* (1977) 70 Cal.App.3d 931 [139 Cal.Rptr. 258], the court construed this language to mean that "where, as here, the minor violates several provisions of criminal law by his repeated misconduct for which he is declared a section 602 ward of the court, each and every criminal violation may constitute the offense which brings him under the jurisdiction of the juvenile court and may serve as a measurement for his physical confinement under the broad language of sections 726 and 731 without violating the basic precept of equal treatment of the adult and juvenile offenders." (*In re Aaron N., supra,* 70 Cal.App.3d at pp. 939–940.) In 1977 the Legislature then essentially codified *Aaron N.* and attempted to clarify section 726 by changing the words "the offense which brought the minor under the jurisdiction of the juvenile court" to "the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court," and by adding the three ensuing paragraphs defining "maximum term of imprisonment." (Stats. 1977, ch. 1238, § 1, p. 4158; see also Cal. Juvenile Court Practice (CEB 1981) § 9.42.) Thus after the 1977 amendments, section 726 read in pertinent part:

"In any case in which the minor is removed from the physical custody of his parent or guardian as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court.

"As used in this section and in Section 731, 'maximum term of imprisonment' means the longest of the three time periods set forth in paragraph (2) of subdivision (a) of Section 1170 of the Penal Code, but without the need to follow the provisions of subdivision (b) of Section 1170 of the Penal Code or to consider time for good behavior or participation pursuant to Sections 2930, 2931, and 2932 of the Penal Code, plus enhancements which must be proven if pled.

"If the court elects to aggregate the period of physical confinement on multiple counts, or multiple petitions, including previously sustained petitions

adjudging the minor a ward within Section 602, the 'maximum term of imprisonment' shall be specified in accordance with subdivision (a) of Section 1170.1 of the Penal Code.

"If the charged offense is a misdemeanor or a felony not included within the scope of Section 1170 of the Penal Code, the 'maximum term of imprisonment' is the longest term of imprisonment prescribed by law." (Stats. 1977, ch. 1238, § 1, pp. 4158–4159.)

In 1994 the Legislature amended the third above-quoted paragraph of section 726 to clarify the meaning of, "the 'maximum term of imprisonment' shall be specified in accordance with subdivision (a) of Section 1170.1 of the Penal Code." After the 1994 amendment this paragraph read: "If the court elects to aggregate the period of physical confinement on multiple counts, or multiple petitions, including previously sustained petitions adjudging the minor a ward within Section 602, the 'maximum term of imprisonment' shall be the aggregate term of imprisonment specified in subdivision (a) of Section 1170.1 of the Penal Code, which includes any additional term imposed pursuant to Section 667, 667.5, 667.6, or 12022.1 of the Penal Code, and pursuant to Section 11370.2 of the Health and Safety Code." (Stats. 1994, ch. 181, § 1, pp. 1667–1668.)[6] This paragraph has remained essentially unchanged to this date. ▪ The history of this statute appears to demonstrate refinements and clarifications of the basic principle embodied in the statute—that the minor's maximum period of physical confinement is to be determined in a manner analogous to that of the maximum sentence of a similarly situated adult offender.[7]

The case of *In re Dana G.* (1983) 139 Cal.App.3d 678 [188 Cal.Rptr. 866] is also instructive here. In *Dana G.* a section 602 petition was sustained and the minor was found to have violated Vehicle Code section 31 (giving false information to a police officer). The maximum commitment time for a violation of Vehicle Code section 31 was six months (Veh. Code, § 42002). The court set the maximum period of physical confinement at two years. It did this by "adding to the term for the misdemeanor charge of giving false information, the unspent custody time from two prior wardships." (*In re Dana G., supra,* 139 Cal.App.3d at p. 680.) But each of the two prior wardships had been terminated prior to the minor's Vehicle Code section 31 violation, and the appellate court agreed with the minor's contention that her maximum period of physical confinement "cannot include unserved custody time from prior terminated wardships." (*In re Dana G., supra,* 139

---

[6] A 2002 amendment to section 726 made the nonsubstantive change of eliminating the words "pursuant to" just before "Section 11370.2." (Stats. 2002, ch. 180, § 3.) Section 726, subdivision (c) now reads as it appears in footnote 2, *ante.*

[7] See footnote 5, *ante.*

Cal.App.3d at p. 680.) The respondent in *Dana G.* argued that unserved custody time from the prior terminated wardships should be aggregated and included in the computation of the maximum period of physical confinement for the sustained petition on the Vehicle Code section 31 violation. Even though the first two wardships involved "offenses which brought or continued the minor under the jurisdiction of the juvenile court" (just like the first two sustained petitions in the case presently before us), the *Dana G.* court relied on the basic principle embodied in the statute—that the minor's maximum period of physical confinement is to be determined in a manner analogous to that of a similarly situated adult offender. The court stated, with regard to section 726: "The section . . . not only *permits* aggregation but *requires* a maximum term of confinement no longer than the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses. If the juvenile court aggregated unspent time on petitions which had been dismissed, this latter requirement of the section would not be met. An adult may not have his term increased by unspent custody time on dismissed charges. When the adult is released from his custody and parole time, he cannot be required to serve any unserved time on a new charge." (*In re Dana G., supra,* 139 Cal.App.3d at p. 680.) Similarly, when an adult serves his entire term of imprisonment on a first conviction, that sentence cannot magically be lengthened upon a subsequent conviction, with the magically lengthened portion of the first sentence added on to the term of imprisonment imposed on the defendant's second conviction. A first conviction can in some instances result in a longer sentence on a second conviction, i.e., when a prior conviction enhancement allegation is pled and proven in the second case, but that scenario is accounted for in the language of section 726 and Penal Code section 1170.1. (See also Cal. Juvenile Court Practice, *supra,* § 9.40.)

## II.

## OTHER ISSUES*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III.

## DISPOSITION

The juvenile court is directed to modify that portion of its August 20, 2002 order stating, "the available confinement time is 1 year(s), 06 months, less 70 day(s) credit for time served" to read "the available confinement time is 1

---

*See footnote, *ante,* page 1230.

year(s), 06 months, less 71 day(s) credit for time served." As modified, the August 20, 2002 order is affirmed in its entirety.

Levy, J., and Gomes, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 28, 2004. George, C. J., and Baxter, J., did not participate therein.