Filed 9/15/14  In re Jessica A. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re Jessica A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>Jessica A.,<br><br>        Defendant and Appellant. | A140512<br><br>(Sonoma County<br>Super. Ct. No. 37813J) |

Jessica A. appeals from the juvenile court's disposition order in this proceeding under Welfare and Institutions Code section 602.[1]  She contends the order should be modified to specify the maximum term of confinement.  We will modify the order in that respect and, as so modified, affirm it.

## I.  FACTS AND PROCEDURAL HISTORY

A juvenile wardship petition alleged that Jessica was under the influence of a controlled substance to the extent she was unable to care for her safety (Pen. Code, § 647, subd. (f)), willfully and unlawfully resisted arrest (Pen. Code, § 148, subd. (a)(1)), and unlawfully possessed an intoxicating beverage in public (Bus. & Prof. Code, § 25662, subd. (a)).

---

[1]        Undesignated statutory references are to the Welfare and Institutions Code.

1

After a contested jurisdictional hearing, the juvenile court sustained count two (resisting arrest) and count three (possessing intoxicating beverage).  Count one was dismissed.

At the disposition hearing, Jessica was declared a ward of the court and ordered to participate in the Assertive Community Treatment (ACT) program.  As a transition, the court decided to place Jessica in community detention before she entered the ACT program; for those purposes, the court found that Jessica's continued presence in her mother's home would be contrary to her welfare and ordered that Jessica's care, custody, and control would be under the supervision of the probation department.  The court did not state a maximum period for her confinement.

This appeal followed.

## II. <u>DISCUSSION</u>

Jessica contends the disposition order must be modified to state a maximum term of confinement pursuant to section 726, subdivision (d), which provides:  "If the minor is removed from the physical custody of his or her parent or guardian as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court."  (See Cal. Rules of Court, rule 5.795(b) ["[i]f the youth is declared a ward under section 602 and ordered removed from the physical custody of a parent or guardian, the court must specify and note in the minutes the maximum period of confinement under section 726"].)  The maximum term is "the longest potential sentence set forth in the statute defining the offense."  (*In re Jose Z.* (2004) 116 Cal.App.4th 953, 966.)

There is no dispute that, because Jessica was removed from her mother's custody and placed in community detention in the custody of the probation department, the juvenile court was obligated to state the maximum time for which Jessica could be

2

confined. Nor is there any dispute that the maximum confinement time was one year, based on the resisting arrest count (Pen. Code, § 148, subd. (a)(1)).[2]

The parties also do not dispute that neither the court at the disposition hearing, nor the disposition order, explicitly stated the maximum confinement time. The second page of the disposition order notes that Jessica was committed to "Level 1 Community Detention" beginning on December 6, 2013, but there is no end date indicated.

Jessica urges that this court has authority to modify the disposition order to specify that she can be confined for no longer than one year. (See *In re James A.* (1980) 101 Cal.App.3d 332, 340 [modifying minor's commitment order to state that minor could not be confined for more than three years].) Respondent makes two arguments in opposition.

First, respondent argues that Jessica waived this matter because she did not object in the juvenile court. Jessica counters that there can be no waiver because the juvenile court's obligation to specify the maximum term of confinement is mandatory. (§ 726, subd. (d).)

Second, respondent argues that the one-year maximum term of confinement was correctly identified in a "Worksheet for Determining Maximum Term of Confinement" contained in the probation officer's report. This worksheet notes that the "total term" is 12 months. Respondent urges that the court incorporated this worksheet into the disposition minutes, and that should suffice. (Citing *In re Julian R.* (2009) 47 Cal.4th 487, 497 [maximum confinement period need not be specified orally but may instead be set forth in a written commitment order].) But Jessica responds that there is no indication that the worksheet *was* incorporated into the disposition order. Neither the reporter's transcript of the disposition hearing nor the disposition order states it was. The order contains a checkbox (which is marked) noting that the court "read & considered report/memo of Probation dated 12-4-13" and the court stated on the record that it had

---

[2]    Although the allegations of count three—possessing an intoxicating beverage in public—were also sustained, the punishment for the offense is merely a fine or community service. (Bus. & Prof. Code, § 25662, subd. (a).)

read the report and intended to go along with its recommendations, but there is no mention of the worksheet or the maximum confinement time. And even if the worksheet could be considered incorporated into the order, Jessica argues, it does not expressly specify the maximum period of confinement.

This matter is simply resolved. Since the parties agree the juvenile court was obligated to specify the maximum time of confinement of one year, and the maximum confinement time does not appear on the face of the disposition order, we will modify the disposition order so that it explicitly specifies a maximum confinement time of one year. We therefore need not and do not decide whether the worksheet was incorporated into the order or whether it would suffice to satisfy the requirements of section 726, subdivision (d).

### III. DISPOSITION

The disposition order is modified to state that the maximum time of confinement is one year. As so modified, the order is affirmed.


NEEDHAM, J.


We concur.


JONES, P.J.


BRUINIERS, J.

4