[Crim. No. 29701. Second Dist., Div. Four. Feb. 25, 1977.]

In re KIRK G., a Minor, on Habeas Corpus.

**COUNSEL**

Glen Mowrer, Jr., Public Defender, and G. W. Lentz, Deputy Public Defender, for Petitioner.

Stanley M. Roden, District Attorney, Patrick J. McKinley and Craig A. Smith, Deputy District Attorneys, for Respondent.

**OPINION**

**KINGSLEY, J.**—Petitioner attacks as invalid an order of the Juvenile Court of Santa Barbara County, imposing on him a 30-day sentence in the county jail as a condition of probation. We annul that order.[1]

By proceedings not herein attacked, petitioner was charged with being and found to be a person within the meaning of (former) section 602 of the Welfare and Institutions Code,[2] because of several motor vehicle violations. The offenses involved were committed at a time when petitioner was under the age of 18. By the time he appeared for a dispositional hearing, he had reached the age of 18. It is stipulated that no reporter's transcript of that hearing is available; therefore, we have no statement by the trial court as to the reasoning underlying the order as made. The probation report, which was before the trial court and is before us in this proceeding, shows a long history of juvenile offenses, some involving conduct similar to that herein involved. Respondent contends that the order was made because the trial court believed that a short term of confinement might impress on the petitioner the wisdom of future observations of the law. For the purpose of this opinion we assume that was the basis of the trial court's order.

Respondent argues that had petitioner been found unfit for juvenile court proceedings and been remanded to a criminal court, that court

---

[1] On December 16, 1976, we ordered the release of petitioner from the county jail pending our disposition of the petition. We are advised that that order has been complied with. Under those circumstances, the appropriate relief is to annul the order of the trial court, thus preventing any retaking of petitioner by the sheriff under that order.

[2] The sections of the Welfare and Institutions Code cited in this opinion were amended by chapter 1071, Statutes of 1976. However, those amendments do not relate to any matter material to this proceeding.

could (since he is now over 18) lawfully have imposed the county jail sentence as a condition of probation. The answer to that contention is that no such transfer to a criminal court took place.

■ We are thus faced with the problem: May a juvenile court, acting as such, lawfully impose a jail sentence as a condition of juvenile probation. We conclude that it cannot.

The Juvenile Court Law carefully sets forth this kind of dispositional order that a juvenile court can make. Those dispositions are set forth in (former) sections 727, 730 and 731 of the Welfare and Institutions Code. Commitment to a county jail is nowhere included.

In *In re Maria A.* (1975) 52 Cal.App.3d 901 [125 Cal.Rptr. 382], the court held invalid a dispositional order committing a minor to county jail. The situation now before us is comparable to that in *In re Michael E.* (1975) 15 Cal.3d 183 [123 Cal.Rptr. 103]. In that case the juvenile court had attempted to place a minor in a mental hospital. It adopted the device (similar to that herein employed) of placing her in the care and custody of a probation officer, with directions for that officer to place her in Camarillo State Hospital. The Supreme Court held that a juvenile court had no statutory authority to make a direct commitment to a mental hospital and that the provisions of the Lanterman-Petris-Short Act (Welf. & Inst. Code, §§ 5000-5401) must be followed. In answer to the contention that such a commitment could lawfully be accomplished by the device of having the probation officer initiate the commitment, the court said: "The order of the juvenile court also purports to vest custody of petitioner in the probation officer who, the People contend, is a 'person entitled to [petitioner's] custody' with the right to make application for petitioner's voluntary commitment pursuant to section 6000, subdivision (b). But the court, lacking the authority to directly commit one of its mentally disordered wards, cannot overcome that lack by an indirect route. The Legislature has denied the juvenile court the authority to commit such a ward, and the court cannot appoint a 'custodian' with authority to do what by Legislative direction the court cannot do. . . ."

Although we annul the order before us, our action does not have the effect of freeing petitioner from the adjudication of wardship. The juvenile court may make such other dispositional order as may be lawful and appropriate.

The order of December 6, 1976, is annulled insofar as it commits petitioner to the county jail.

Files, P. J., and Jefferson (Bernard), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 21, 1977.