[Crim. No. 30289. Second Dist., Div. Two. Nov. 21, 1977.]

In re LEONARD R., a Person Coming Under the Juvenile Court Law.
KENNETH F. FARE, as Acting Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
LEONARD R., Defendant and Appellant.

**COUNSEL**

Paul Arthur Turner, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Frederick R. Millar, Jr., and Alexander W. Kirkpatrick, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

COMPTON, J.— ■ Appeal by a juvenile, Leonard R., who was committed to the California Youth Authority after the juvenile court found he had participated in a robbery and was thus a delinquent pursuant to Welfare and Institutions Code section 602.

At the disposition hearing, there was a disagreement between Leonard's counsel and the court over whether Leonard's accomplice in the robbery had used a knife on the victim. Both counsel and the court were using notes taken during the adjudication hearing. Leonard now contends that he is entitled to a new dispositional hearing and an opportunity to establish that no knife was used.

There was never any question but what Leonard was merely an aider and abettor and not himself armed. Nor was there ever any question but that a robbery had occurred. The victim testified that the accomplice held "a knife or something" to his throat. The court's decision to commit Leonard to the California Youth Authority was based on the fact that Leonard had participated in a robbery after having previously participated in at least three other robberies and an assault. In each previous case petitions had been sustained in the juvenile court.

In view of Leonard's demonstrated anti-social behavior, it clearly was not an abuse of discretion for the court, in this instance, to commit him to the California Youth Authority. The exact nature of the weapon used by the accomplice is of no significance. (See *In re Lynette G.*, 54 Cal.App.3d 1087 [126 Cal.Rptr. 898].)

■ Leonard next contends that he is entitled to credit against his California Youth Authority commitment for time spent in juvenile hall during the pendency of the proceedings in the juvenile court. We disagree.

By statute, California credits all convicted felons and misdemeanants with presentence time spent in confinement when the confinement is attributable to proceedings related to the same conduct for which the felon or misdemeanant has been convicted. (Pen. Code, § 2900.5.)

To support his contention that he is entitled to credit, Leonard relies upon *People* v. *Sandoval*, 70 Cal.App.3d 73 [138 Cal.Rptr. 609], and *People* v. *Olivas*, 17 Cal.3d 236 [131 Cal.Rptr. 55, 551 P.2d 375]. In *Sandoval*, defendant pleaded guilty to robbery and was placed on probation on condition he serve one year in the county jail. After he was released on probation, defendant was arrested on another robbery charge and after being found in violation of probation, was sentenced to the Youth Authority. The Court of Appeal held that Penal Code section 2900.5 entitled the defendant to credit for the one year served in county jail for the earlier robbery and 90 days spent in custody awaiting trial and revocation proceedings.

*People* v. *Olivas, supra,* involved a defendant, age 19 at the time of arrest, who was tried and convicted as an adult of a misdemeanor assault. He was committed to the California Youth Authority. The court there held that the time spent in the California Youth Authority could not exceed the maximum term which could have been imposed had defendant been sentenced to county jail. Any excessive confinement would violate the constitutional requirement of equal protection of the law. The *Olivas* court expressly stated that its holding would not apply to juvenile commitments. Both *Olivas* and *Sandoval* involved proceedings in adult courts.

Penal Code section 2900.5 by its very terms is not applicable to juvenile commitments. The statute refers to "felony and misdemeanor *convictions*" and provides for precommitment custody time to be

credited only against the defendant's *"sentence."* (Italics added.) A declaration of wardship is not a "conviction" and a dispositional order of the juvenile court is not a "sentence." (Welf. & Inst. Code, §§ 203, 1000, 1176. Also see *In re Aline D.,* 14 Cal.3d 557 [121 Cal.Rptr. 816, 536 P.2d 65].)

Welfare and Institutions Code section 731 was amended effective January 1, 1977, to read in part as follows: "A minor committed to the Youth Authority may not be held in physical confinement for a period of time in excess of the maximum period of imprisonment which could be imposed upon an adult convicted of the offense which brought the minor under jurisdiction of the juvenile court."

Historically, the purport of such a statute affected the time which commenced upon receipt of the individual at the institution. Credit for precommitment time in custody is a creature of statute and in the case of adults, was prompted by the disparity in the ability of different individuals to post bail pending trial.

The plain language of Welfare and Institutions Code section 731 leads to the conclusion that the Legislature intended merely to codify the concept of the *Olivas* decision. It cannot be reasonably interpreted as importing the concept of precommitment credit into the juvenile court system.

The question which remains is whether denying to juveniles credit for time spent in precommitment detention violates the constitutional requirement of equal protection of the law.

■ "The equality guaranteed by the equal protection clause is equality under the same conditions, and among persons similarly situated. The Legislature may make a reasonable classification of persons and businesses and other activities and pass special legislation applying to certain classes. The classification must not be arbitrary, but must be based upon some difference in the classes having a substantial relation to a legitimate object to be accomplished." (5 Witkin, Summary of Cal. Law (8th ed.) Constitutional Law, § 341, p. 3635.)

The distinction between juveniles and adults which permits different legislative treatment in terms of confinement and disposition is to be found in the fundamental and conceptual difference between criminal prosecution and juvenile proceedings. Such a distinction is not arbitrary

and clearly bears a substantial relation to a legitimate legislative objective.

The judgment is affirmed.

Fleming, Acting P. J., and Beach, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 19, 1978. Bird, C. J., Tobriner, J., and Newman, J., were of the opinion that the petition should be granted.