TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | No. 98-702 |
| of | : | December 31, 1998 |
| DANIEL E. LUNGREN Attorney General | : | |
| CLAYTON P. ROCHE Deputy Attorney General | : | |

THE HONORABLE SUSAN MINASIAN, COUNTY COUNSEL, BUTTE COUNTY, has requested an opinion on the following question:

Is a ward of the juvenile court (Welf. & Inst. Code, § 602) who is ordered to serve time in the county jail upon reaching the age of 18 as part of the court's dispositional order entitled to work and good behavior extra time credits (Pen. Code, § 4019)?

CONCLUSION

A ward of the juvenile court (Welf. & Inst. Code, § 602) who is ordered to serve time in the county jail upon reaching the age of 18 as part of the court's dispositional order is not entitled to work or good behavior extra time credits (Pen. Code, § 4019).

ANALYSIS

Under the Juvenile Court Law (Welf. & Inst. Code, §§ 200-987),[1] a person under the age of 18 who violates a state or local ordinance may be adjudged to be a ward of the juvenile court (§ 602). In its dispositional order, the court may place the ward in a variety of settings geared toward rehabilitation of the juvenile (§§ 727-735), but not in an adult facility such as a county jail (*In re Kirk G.* (1977) 67 Cal.App.3d 538, 539-540; *In re Maria A.* (1975) 52 Cal.App.3d 901, 903-904).

Once the minor becomes 18, however, detention need not be restricted to a juvenile facility. (§ 208.5.) We are asked whether a ward of the juvenile court who is ordered to serve time in the county jail upon reaching the age of 18 as a part of the court's dispositional order is entitled to work and good behavior extra time credits provided under Penal Code section 4019. We conclude that such credits are not available in the described circumstances.

Penal Code section 4019 states:

"(a) The provisions of this section shall apply in all of the following cases:

"(1) When a prisoner is confined in or committed to a county jail, industrial farm, or road camp, or any city jail, industrial farm, or road camp, including all days of custody from the date of arrest to the date on which the serving of the sentence commences, under a judgment of imprisonment, or a fine and imprisonment until the fine is paid in a criminal action or proceeding.

"(2) When a prisoner is confined in or committed to the county jail, industrial farm, or road camp or any city jail, industrial farm, or road camp as a condition of probation after suspension of imposition of a sentence or suspension of execution of sentence, in a criminal action or proceeding.

"(3) When a prisoner is confined in or committed to the county jail, industrial farm, or road camp or any city jail, industrial farm, or road camp for a definite period of time for contempt pursuant to a proceeding, other than a criminal action or proceeding.

"(4) When a prisoner is confined in a county jail, industrial farm, or

_____

[1] All references hereafter to the Welfare and Institutions Code are by section number only.

road camp, or a city jail, industrial farm, or road camp following arrest and prior to the imposition of sentence for a felony conviction.

"(b) Subject to the provision of subdivision (d), for each six-day period in which a prisoner is confined in or committed to a facility as specified in this section, one day shall be deducted from his or her period of confinement unless it appears by the record that the prisoner has refused to satisfactorily perform labor as assigned by the sheriff, chief of police, or superintendent of an industrial farm or road camp.

"(c) For each six-day period in which a prisoner is confined in or committed to a facility as specified in this section, one day shall be deducted from his or her period of confinement unless it appears by the record that the prisoner has not satisfactorily complied with the reasonable rules and regulations established by the sheriff, chief of police, or superintendent of an industrial farm or road camp.

"(d) Nothing in this section shall be construed to require the sheriff, chief of police, or superintendent of an industrial farm or road camp to assign labor to a prisoner if it appears from the record that the prisoner has refused to satisfactorily perform labor assigned or that the prisoner has not satisfactorily complied with the reasonable rules and regulations of the sheriff, chief of police, or superintendent of any industrial farm or road camp.

"(e) No deduction may be made under this section unless the person is committed for a period of six days or longer.

"(f) It is the intent of the Legislature that if all days are earned under this section, a term of six days will be deemed to have been served for every four days spent in actual custody."

Since an order adjudging a person to be a ward of the juvenile court is "not . . . deemed a conviction of a crime for any purpose" (§ 203), a ward would not be a "prisoner" under any of the conditions of Penal Code section 4019 despite his or her confinement in the county jail. Thus, the statute literally would not apply in the situation presented.

However, courts have considered whether to apply extra time credits in different contexts under the equal protection clauses of the United States (U.S. Const., Amend. XIV, § 1) and California (Cal. Const., art. I, § 7, subd. (a)) Constitutions for persons who are "similarly situated." Absent a compelling state interest, principles of equal protection require like treatment for those persons similarly situated. (See *In re Ricky H.*

(1981) 30 Cal.3d 176, 184-190; *People* v. *Saffell* (1979) 25 Cal.3d 223, 228-229; *People* v. *Olivas* (1976) 17 Cal.3d 236, 250-257; *People* v. *Guzman* (1995) 40 Cal.App.4th 691, 693-695; *People* v. *Garcia* (1987) 195 Cal.App.3d 191, 195-197; *People* v. *Caruso* (1984) 161 Cal.App.3d 13, 17-18; *People* v. *Duran* (1983) 147 Cal.App.3d 1186, 1190; *People* v. *Reynolds* (1981) 116 Cal.App.3d 141, 144-147; *In re Maurice S.* (1979) 90 Cal.App.3d 190, 193; *In re Eric J.* (1979) 25 Cal.App.3d 522, 530-531.)

Of course, if the persons are not similarly situated, the extra time credits are not available under equal protection requirements. (See, e.g., *People* v. *Saffell*, *supra*, 25 Cal.3d at 233-234 [treatment in a state hospital as a mentally disordered sex offender]; *People* v. *Guzman*, *supra*, 40 Cal.App.4th at 693-695 [treatment for drug addiction at the California Rehabilitation Center]; *People* v. *Wills* (1994) 22 Cal.App.4th 1810, 1811-1813 [probation commitment spent in a work release program]; *People* v. *Cook* (1993) 14 Cal.App.4th 1467, 1469-1470 [time spent at home in an electronic monitoring program as a condition of probation].)

Juvenile court wards are not similarly situated to prisoners receiving extra time credits under the terms of Penal Code section 4019, since the purpose of the Juvenile Court Law is to rehabilitate, not to impose punishment or seek retribution. (§ 202; *In re Ricky H.*, *supra*, 30 Cal.3d at 189-190; *In re Eric J.*, *supra*, 25 Cal.3d at 531; *People* v. *Garcia*, *supra*, 195 Cal.App.3d at 196; *People* v. *Duran*, *supra*, 147 Cal.App.3d at 1190-1191; *People* v. *Reynolds*, *supra*, 116 Cal.App.3d at 145-146.) The primary purpose in authorizing the extra time credits under Penal Code section 4019 (maintaining order in the facility) is inapplicable to juvenile court ward placements and the goal of rehabilitation. (*People* v. *Guzman*, *supra*, 40 Cal.App.3d at 695; *People* v. *Cook*, *supra*, 14 Cal.App.4th at 1470; *People* v. *Linear* (1988) 203 Cal.App.3d 508, 511-512; *People* v. *Reynolds*, *supra*, 116 Cal.App.3d at 147.)

It is irrelevant that the ward is serving time in an adult facility rather than a juvenile facility. The ward remains subject to the Juvenile Court Law and its purposes even while in custody in an adult facility. (*People* v. *Garcia*, *supra*, 195 Cal.App.3d at 198-199.)

Finally, we note that a denial of the extra time credits here prevents a disparity of treatment between wards serving time in a county jail and those who are placed in a juvenile facility. A contrary conclusion would create a new, disfavored class. (See *In re Ricky H.*, *supra*, 30 Cal.3d at 189; *People* v. *Linear*, *supra*, 203 Cal.App.3d at 512.)

We conclude that a ward of the juvenile court (§ 602) who is ordered to serve time in the county jail upon reaching the age of 18 as part of the court's dispositional order is not entitled to work or good behavior extra time credits (Pen. Code, § 4019).

\* \* \* \* \*