Filed 8/1/13  In re E.N. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>E.N.,<br><br>Defendant and Appellant. | H038827<br>(Monterey County<br>Super. Ct. No. J46700) |

Minor E.N. appeals the juvenile court's order deeming him a ward of the court after he admitted to being a minor in possession of a concealable firearm, in violation of Penal Code section 29610.  On appeal, minor claims the court did not comply with Welfare and Institutions Code section 726[1] because it:  (1) failed to make required findings before adjudicating minor a ward of the court and removing him from the physical custody of his parents (§ 726, subd. (a)); and (2) failed to identify the maximum time minor could be confined (*Id*., subd. (d)).  For the reasons stated here, we will affirm the juvenile court's judgment and order that the dispositional order be amended to reflect the maximum term of confinement.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

In August 2012, during a pat down of minor after a lawful stop of a vehicle in which minor was a passenger, police discovered a loaded .380-caliber semiautomatic pistol.  In response, the People filed a juvenile wardship petition alleging:  (1) felony

---

[1]  Unspecified statutory references are to the Welfare and Institutions Code.

possession of a loaded firearm in a vehicle (Pen. Code, § 25850, subd. (a)); (2) minor in possession of a concealable firearm, a felony (*id*., § 29610); and (3) minor in possession of live ammunition, a misdemeanor (*id*., § 29650). In return for minor's agreement to admit possession of a concealable firearm, the People dismissed the other two counts. At the time minor admitted the charge,[2] the court asked minor if he understood that the concealable firearm charge "has a maximum of three years of possible confinement time so if you were not successful on probation and the Court made you a ward of the Court, and you were placed in out of home placement, then the Court could keep you confined or placed in out of home placement up to three years less any credits that you have in the juvenile hall?" In response, minor answered, "Yes."

The Monterey County Probation Department prepared a report and an addendum, which discussed minor's history as well as his eligibility and suitability for deferred entry of judgment. (See Cal. Rules of Court, rule 5.800 [containing eligibility requirements for deferred entry of judgment].) The report stated minor began using marijuana at 11 years old and alcohol at 14 years old. At the time of his arrest, minor stated he used marijuana daily and alcohol once a week. The report also indicated minor had gang-related tattoos and described himself as an associate of the Norteño gang.

Regarding his suitability for deferred entry of judgment, the addendum noted appropriate behavior during his confinement at Juvenile Hall, satisfactory school performance, and successful prior treatment history. Despite these positive factors, the probation officer recommended finding minor unsuitable for deferred entry of judgment. In support, the addendum pointed to minor's mother's statement during her interview that she has no control over minor's behavior and that she was aware of his association with

---

[2] Minor admitted the charge at a jurisdictional hearing in Santa Cruz County. At that hearing, the court transferred the case to Monterey County because minor's mother lives in Monterey County. The court reasoned that transferring the matter to the county of minor's mother's residence would allow for closer probation supervision.

members of the Norteño gang but took no action to stop that interaction. Minor's father told the probation officer he was unaware of his son's gang involvement and drug use. From those interviews, the report concluded minor's parents are "oblivious" to minor's behavior.

Further support for the probation officer's recommendation came from an apparent lack of motivation from minor to change his behavior. During his interview with the probation officer, minor minimized his gang involvement. Despite minor's statements, the report opined that "[b]ased on the minor's gang related tattoos and his statement about carrying the gun for protection from 'anything or anyone,' the minor is a lot more gang entrenched than what he disclosed." The report concluded it was "very unlikely" minor will dissociate from gang activity.

In September 2012, the juvenile court held a hearing to determine whether minor was suitable for deferred entry of judgment. Though the court found minor technically eligible, it agreed with the probation officer's recommendation and determined minor was unsuitable. In addition to relying on the probation officer's findings, the court noted that although the admitted charge was firearm possession, the firearm was loaded, which the court considered to be more serious. For these reasons, the court found removal from the home to be in minor's best interest. The court committed minor to the Monterey County Youth Center for a term of 365 days.

## II. DISCUSSION

Minor challenges the juvenile court's dispositional order for failing to make findings to support removing him from the physical custody of his parents and failing to specify the maximum term of confinement.

### A. REMOVAL FROM PARENTAL CUSTODY (§ 726, SUBD. (a))

When a juvenile court declares a minor a ward of the court, it may not remove the minor from physical custody of a parent or guardian unless, after a hearing, it finds one of the following: "(1) That the parent or guardian is incapable of providing or has failed or

neglected to provide proper maintenance, training, and education for the minor[;] [¶] (2) That the minor has been tried on probation while in custody and has failed to reform[; or] [¶] (3) That the welfare of the minor requires that custody be taken from the minor's parent or guardian." (§ 726, subd. (a).) The juvenile court must make its finding on the record, but may do so either explicitly or implicitly. (*In re Michael W.* (1980) 102 Cal.App.3d 946, 953, fn. 4 ["A finding of one of the conditions expressed in section 726 must be expressly or impliedly stated in the record."].) We review a juvenile court's disposition order for an abuse of discretion. (*In re Robert H.* (2002) 96 Cal.App.4th 1317, 1329-1330.)

Minor claims the juvenile court made none of the required findings on the record. At the September 24, 2012 hearing, the court stated it had reviewed the probation reports and ultimately concluded it was in minor's "best interests" to be removed from his mother's home. We interpret the court's statement to be an implicit finding that minor's parents failed to, and were incapable of, providing "maintenance, training, and education for the minor" and that "the welfare of the minor requires that custody be taken from the minor's parent or guardian." (§ 726, subd. (a)(1), (a)(3).)

Having determined the court made the requisite finding, we must assess whether the finding was an abuse of discretion. Based on the hearing transcript and the probation reports reviewed and relied on by the juvenile court, we find no abuse of discretion. The report stated, without correction by minor's counsel, that minor had been using marijuana and alcohol for multiple years before his arrest. The report also indicated minor associated with Norteño gang members and had gang-related tattoos.

According to their statements to probation officers, minor's parents were not aware of his substance abuse or his activities when not at the mother's home. The mother stated she was unable to control her son, and she admitted she knew her son associated with gang members but took no action to prevent it other than telling him not to. Minor's father stated he was unaware of any gang involvement or drug use and that it would not

4

be possible for minor to live with him because he lived on property owned by his employer. The court was also aware of the probation officer's opinion that minor exhibited no motivation to change his behavior.

Based on the foregoing evidence, it was reasonable for the juvenile court to conclude that minor would benefit from removal and commitment to the Monterey County Youth Center. We therefore find no abuse of discretion.

**B.      MAXIMUM TERM OF CONFINEMENT**

Minor notes the juvenile court failed to specify in the written disposition order the maximum term minor could be confined for possessing a concealable weapon (Pen. Code, § 29610), contrary to the requirements of section 726, subdivision (d), and California Rules of Court, rule 5.795(b). The People concede this point but note that the court had previously orally informed minor of his maximum possible term and that minor told the court he understood. In his reply, minor agrees he was informed and understood the maximum possible term and requests that we amend the juvenile court's order to specify the maximum possible term.

## III.      DISPOSITION

For the foregoing reasons, the juvenile court's judgment is affirmed. We also

order the juvenile court's dispositional order be amended to reflect the three-year maximum term of confinement.

_____

Grover, J.

**WE CONCUR:**

_____

Rushing, P.J.

_____

Márquez, J.