Filed 11/6/13  In re Reginald W. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re REGINALD W., a Person Coming Under the Juvenile Court Law. | B245094 (Los Angeles County Super. Ct. No. JJ18504) |
| THE PEOPLE, Plaintiff and Respondent, v. REGINALD W., Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Steven R. Klaif, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Remanded, otherwise affirmed.

Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Minor and appellant Reginald W. appeals from a judgment sustaining a petition alleging he received stolen property. He contends that there is insufficient evidence he knew the property was stolen and that the trial court failed to make the requisite findings for its order removing him from parental custody. We reject these contentions, but we remand because the juvenile court failed to declare the offense a misdemeanor or a felony. We otherwise affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.    Factual background.

Reginald W. and Adrian Ceja were neighbors. During the afternoon of March 28, 2012, Ceja was at home when he heard an unusual sound. He went to the living room and noticed that the front door, which had a deadbolt that could only be unlocked from the inside, was open. A screen was missing from the bathroom window, which also was open. Although Ceja didn't notice anything missing, the Los Angeles Police Department later told him they had boxes belonging to him. The boxes, which contained cables and antennae, belonged to Ceja's cousin who worked for a cable network. The boxes had been on Ceja's front porch.

That same day, March 28, 2012, police officers went to Reginald's home and spoke to his mother. She asked Reginald whether he had any boxes. He said that boxes had been left on their front porch, and he picked them up and put them in his closet. He never went outside the house that day.

### II.    Procedural background.

A petition filed under Welfare and Institutions Code section 602 on September 20, 2012 alleged count 1, burglary (Pen. Code, § 459) and count 2, receiving stolen property (Pen. Code, § 496, subd. (a)). On October 16, 2012, the juvenile court granted the minor's motion to dismiss count 1 due to insufficient evidence but sustained the petition as to count 2. The court, on October 25, 2012, ordered Reginald to remain a ward of the court, removed custody from his parents, and placed him in community camp for six months. The court set his maximum term of confinement at four years.

2

**DISCUSSION**

I.      **Sufficiency of the evidence.**

The minor contends that there was insufficient evidence he knowingly received the stolen box or boxes containing cables and antennae.[1] We disagree.

The same standard of appellate review applicable to reviewing the sufficiency of the evidence to support a criminal conviction applies to considering the sufficiency of the evidence in a juvenile proceeding. (*In re Sylvester C.* (2006) 137 Cal.App.4th 601, 605; *In re Ryan N.* (2001) 92 Cal.App.4th 1359, 1371.) "Under this standard, the critical inquiry is 'whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Citation.] An appellate court 'must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citations.]" (*In re Ryan N.*, at p. 1371.)

A defendant is guilty of receiving stolen property if (1) the property was stolen; (2) the defendant knew the property was stolen; and (3) the defendant was in possession of the stolen property. (*People v. Anderson* (1989) 210 Cal.App.3d 414, 420-421; *People v. Reyes* (1997) 52 Cal.App.4th 975, 984-985; § 496, subd. (a).) The knowledge element is usually established by an inference from circumstantial evidence rather than by direct evidence. (*People v. Alvarado* (1982) 133 Cal.App.3d 1003, 1019.) "In routine circumstances, the knowledge [requirement] is inferred from the defendant's failure to explain how he came to possess a stolen item or his offer of an unsatisfactory explanation or from suspicious circumstances attendant upon his possession of the item." (*Id.* at pp. 1019-1020.) Corroborating circumstances may include the attributes of possession, including time, place or manner. (*Reyes*, at p. 985; *People v. McFarland* (1962) 58 Cal.2d 748, 754.) A defendant's possession of recently stolen property is so

---

[1]     The record is unclear whether there was one or more boxes. Defendant's guilt, however, hinged on his knowledge and not on the number of boxes he received.

3

incriminating that there need be, in addition to possession, only "slight corroboration in the form of statements or conduct of the defendant tending to show his guilt." (*McFarland,* at p. 754.)

The minor argues that there was insufficient evidence he knew the boxes were stolen. But, as the juvenile court found, it was reasonable to infer his knowledge from the circumstances. The same day the boxes were stolen they were found in Reginald's closet. Putting a box of cables and antennae—items generally not found on one's porch—in his closet was a sufficiently suspicious circumstance to establish his consciousness of guilt.

Reginald, however, responds that there was no consciousness of guilt because when his mother asked whether he had the boxes he did not try to hide that they were in his closet. (Cf. *People v. Juehling* (1935) 10 Cal.App.2d 527, 531 [the defendant's evasive answers to questions about how she came to possess the stolen property raised an inference of guilt].) His forthrightness, he argues, showed he had nothing to hide and negates knowledge. That might be one interpretation of the evidence. But an equally reasonable inference from the evidence is Reginald put the boxes in his closet to hide them, knowing they were stolen.

## II.     The trial court failed to declare the offense a misdemeanor or a felony.

Welfare and Institutions Code section 702 states in part that if "the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." Where such a " 'wobbler' " offense is at issue, the juvenile court must explicitly declare whether it is a felony or misdemeanor. (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1204.) Receiving stolen property is punishable either as a felony or as a misdemeanor. (Pen. Code, §§ 17, subd. (b), 496, subd. (a).) Because the juvenile court did not make the necessary declaration, the parties agree that remand is proper on this issue.

### III. Welfare and Institutions Code section 726.

The minor's final contention is the juvenile court failed to make the requisite findings of fact under Welfare and Institutions Code section 726.[2] We disagree.

A ward or a dependent child may not be removed from a parent's custody unless the court finds one of the following facts: "(1) That the parent or guardian is incapable of providing or has failed or neglected to provide proper maintenance, training, and education for the minor. [¶] (2) That the minor has been tried on probation while in custody and has failed to reform. [¶] (3) That the welfare of the minor requires that custody be taken from the minor's parent or guardian." (Welf. & Inst. Code, § 726, subd. (a)(1)-(3).) The juvenile court's finding may be explicit or implicit, but it must be on the record. (*In re Michael W.* (1980) 102 Cal.App.3d 946, 953, fn. 4 ["A finding of one of the conditions expressed in section 726 must be expressly or impliedly stated in the record"].)

At the disposition hearing, the juvenile court here had probation reports. The reports and record showed that Reginald had a sustained petition from November 2010 for trespass for which he was placed on probation for six months. He had another petition sustained in March 2012 for possessing a firearm. He was again placed home on probation. The reports noted that Reginald had been ordered to a community detention program in August 2012 and then placed in juvenile hall, where he showed " 'zero respect for authority' " and where he "proudly" proclaimed membership in a gang. His "well-meaning family seem helpless to assist him to re-direct his life." Also included in the probation report was a reference to the letter of a high school public safety officer, who wrote that Reginald was antagonizing students at Locke High School by going there with gang members and provoking confrontations. The reports recommended community camp placement.

---

[2]     The juvenile court failed to check any box relating to the removal.

The juvenile court said it had read the reports. In connection with the current petition, defense counsel requested that Reginald be placed on house arrest. The court said: "Started out at age 13, trespass. What it looks like is this is not the first 496. He has had multiple theft-related petitions and his general behavior in the hall indicates that it does not seem appropriate for him to be home." When Reginald's grandfather asked for one more chance to have the minor at home, the court answered that he "just had a chance to show it in a setting like the hall, and this is one of the wors[t] reports from the hall that I have seen." Then, after the court was made aware that Reginald had an additional petition for carrying a firearm, it said: "No. He'll get a chance when he comes back home, Sir. I can't in good consci[ence] send him back home."

Implied in the juvenile court's statements, made after reviewing Reginald's record, were findings that Reginald failed to reform and that his welfare required that custody be taken from his parents. (Welf. & Inst. Code, § 726, subd. (a)(2), (3).) The multiple petitions and Reginald's failure in juvenile hall and gang-related behavior supported these findings. Probation had been tried with Reginald, and it had failed. The juvenile court therefore could not "in good conscience" try that remedy again, because there was no evidence Reginald had reformed, despite his family's attempts to help him. We therefore conclude that the court complied with section 726.

## DISPOSITION

The matter is remanded so that the juvenile court can comply with Welfare and Institutions Code section 702. The judgment is otherwise affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

CROSKEY, Acting P. J.

KITCHING, J.