Filed 7/5/22  In re A.H. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re A.H., a Person Coming Under the Juvenile Court Law. | C094360 |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>A.H.,<br><br>Defendant and Appellant. | (Super. Ct. No. JV139302) |

The juvenile court continued minor A.H.'s wardship and committed him to the Department of Corrections and Rehabilitation, Division of Juvenile Justice (DJJ) for 52 years to life until he reaches the age of 25, subject to the statutory limitation.  The juvenile court also awarded the minor custody credits for time spent in physical

confinement. The minor appeals, contending the custody credits should include the days he spent on electronic monitoring. We affirm the commitment order.

## I. BACKGROUND

Following a contested jurisdiction hearing, the juvenile court found true, beyond a reasonable doubt, that the minor committed first degree murder, unlawfully took a vehicle, bought or received stolen property, and resisted arrest. The court also found true a firearm enhancement allegation. It committed the minor to DJJ for "52 years to life with confinement until he reaches the age of 25," subject to the statutory limitation, and awarded him 766 days of custody credit for time served at a local holding facility. But the award does not include the days the minor spent on electronic monitoring in prior petitions. The minor timely appealed.

## II. DISCUSSION

On appeal, the minor contends he should be awarded precommitment custody credits for the days he spent on electronic monitoring in prior petitions. We disagree and affirm the order.

A minor is entitled to custody credits attributable to prior petitions when the minor's term of physical confinement is aggregated due to those petitions. (*In re A.M.* (2014) 225 Cal.App.4th 1075, 1085-1086.) Welfare and Institutions Code section 726, subdivision (d)(1) does not expressly provide for precommitment credits.[1] The version of this statute in effect at the time of the jurisdiction hearing stated that if the juvenile court removes a minor from the physical custody of the minor's parent or guardian, the minor "may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult" convicted of the same offense. (§ 726, former subd. (d)(1).) Our Supreme Court has, however, interpreted

---

[1] Further undesignated statutory references are to the Welfare and Institutions Code.

section 726 to require precommitment credit for the time a juvenile has been held in physical confinement, which includes juvenile hall. (*In re Eric J.* (1979) 25 Cal.3d 522, 536 (*Eric J.*).) "Physical confinement" is further defined as "placement in a juvenile hall, ranch, camp, forestry camp or secure juvenile home . . . , or in any institution operated by the Department of Corrections and Rehabilitation, Division of Juvenile Justice." (§ 726, subd. (d)(5).) It does not include electronic monitoring.

The minor's participation in the electronic monitoring program did not fall under the definition of "physical confinement" in section 726. He was released to his parents' home and was allowed to leave home for school, employment, and other approved activities. While he had to wear a monitoring device, the device did not create any physical barrier that prevented him from leaving his home. His parents' home also lacked any physical barriers that prevented him from leaving. (See *In re Lorenzo L.* (2008) 163 Cal.App.4th 1076, 1080 [any confinement created by electronic monitoring is psychological, rather than physical].) Thus, the minor was not subject to physical confinement as defined in section 726 while on electronic monitoring.

The minor effectively contends *Eric J.* requires the direct application of Penal Code section 2900.5, which awards custody credits for electronic monitoring to adults under some circumstances, to juvenile cases. He misunderstands *Eric J.*'s holding. The minor in *Eric J.* sought precommitment credits for time spent in custody in juvenile hall. (*Eric J., supra,* 25 Cal.3d at p. 533.) Our Supreme Court there awarded credits to the minor not through the direct application of Penal Code section 2900.5, but via statutory interpretation of section 726. (*Eric J., supra,* at pp. 535-536.) Specifically, it noted that section 726 provided a minor may not be held in physical confinement for longer than an adult convicted of the same offense and that "physical confinement" in section 726 expressly included juvenile hall. (*Eric J., supra,* at pp. 535-536.) Thus, *Eric J.* rejected the wholesale incorporation of Penal Code section 2900.5 into section 726, as suggested by the minor here. This is consistent with the well-established law that adult statutes do

3

not apply directly to minors. (*In re Michael W.* (1980) 102 Cal.App.3d 946, 954 [Pen. Code, § 2900.5 does not apply to juvenile cases]; *In re Leonard R.* (1977) 76 Cal.App.3d 100, 103 [same].)

Nor did *Eric J.* authorize the award of credits for time spent on electronic monitoring. A decision is limited by its facts, and "the language of an opinion must be construed with reference to the facts presented by the case, and the positive authority of a decision is coextensive only with such facts." (*Brown v. Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 734-735; see *Sacramento County Deputy Sheriffs' Assn. v. County of Sacramento* (1990) 220 Cal.App.3d 280, 288 [the ratio decidendi of an opinion is determined by the facts before the deciding court].) *Eric J.* entitled a minor to precommitment custody credits for time spent in physical confinement as defined in section 726, and nothing more. It did not expand or otherwise construe "physical confinement" under section 726, or allow custody credits for time spent at placements other than those provided in section 726. We remain persuaded by the reasoning in *In re Lorenzo L., supra*, 163 Cal.App.4th 1076 and decline to expand the holding in *Eric J.*

The minor further argues that *People v. Raygoza* (2016) 2 Cal.App.5th 593 entitles him to custody credits for time spent on electronic monitoring because he, like the adult defendant in *Raygoza*, was placed on electronic monitoring by court order. But this argument was expressly rejected by *Raygoza*, which held the procedure by which a defendant was placed on electronic monitoring has no effect on his or her entitlement to custody credits under Penal Code section 2900.5. (*Raygoza, supra,* at p. 602.) Moreover, *Raygoza* addresses the application of Penal Code section 2900.5 to an adult defendant and lends no support to a minor's entitlement to credit for electronic monitoring.

Therefore, electronic monitoring does not constitute physical confinement under section 726, and the minor is not entitled to custody credits for that time.

## III.  DISPOSITION

The commitment order is affirmed.

/S/

RENNER, J.

We concur:

/S/

ROBIE, Acting P. J.

/S/

HOCH, J.