Filed 12/29/23  In re E.R. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re E.R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>              v.<br><br>E.R.,<br><br>    Defendant and Appellant. | F085740<br><br>(Super. Ct. No. JW144057-00)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Wendy L. Avila, Judge.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Dina Petrushenko, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Poochigian, J. and Detjen, J.

## INTRODUCTION

E.R., appellant, argues substantial evidence does not support the conclusion that he committed assault with a semiautomatic firearm, personally used a firearm, and personally caused great bodily injury. Appellant further argues he was incorrectly sentenced pursuant to Welfare and Institutions Code section 726, subdivision (d)(1). The People concede appellant's sentence was in error; therefore we vacate the sentence and remand the matter for resentencing. The judgment is otherwise affirmed.

## PROCEDURAL HISTORY

On October 25, 2022, the Kern County District Attorney's office filed a juvenile wardship petition against appellant. (Welf. & Inst. Code, § 602, subd. (a).) The petition charged appellant with one count of assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b))[1] and alleged that appellant personally used a firearm (§ 12022.5, subd. (d)) and inflicted great bodily injury during the assault (§ 12022.7, subd. (a)).

On January 10, 2023, following a jurisdictional hearing, the juvenile court found all of the petition's allegations true. On January 25, 2023, in a disposition hearing, appellant was adjudged a ward of the court, granted probation, and was ordered committed to the Kern Crossroads Facility. The court determined the maximum confinement time was 14 years, less 96 days credit for time served.

On February 10, 2023, appellant filed a timely notice of appeal.

---

[1]     Undesignated references to code are to the Penal Code.

## STATEMENT OF FACTS

On October 21, 2022, M.R. contacted a seller on a marketplace platform to purchase a laptop. The same day, M.R. met the seller outside of M.R.'s workplace and purchased the laptop for cash. Later that day, M.R. discovered the laptop did not work. He tried to call the seller to have the seller refund his money, but M.R.'s calls went unanswered.

On October 22, 2022, M.R. was on his way home when he recognized the seller's red car from the day before. M.R. followed the car to a local market and parked several parking spots away. M.R. approached the car from the back, took a photo, then started taking video.

M.R. approached the driver's side door and saw the seller in the driver's seat and appellant in the passenger's seat. M.R. told the seller the laptop did not work, but neither the seller nor appellant responded. M.R. then reached into the car and took hold of the steering wheel with one hand. The seller attempted to reverse the car out of the parking spot and leave, but M.R. warned him that he was about to hit another vehicle. M.R. put one hand on the driver's side door and tried to open it. He saw both the seller's hands and the seller did not have a gun. M.R. did not see appellant's hands.

The seller shifted the car into drive and went forward, hitting the sidewalk. The car stopped on the sidewalk, and M.R. heard a gunshot. He did not see a gun in either the seller's or appellant's hands, but felt the bullet hit him. The bullet had entered M.R.'s body to the right side of his stomach area and exited on the left side of his stomach area. The entire altercation took between two and three minutes, from the moment M.R. saw the seller's car, to the moment he was shot.

Kern County Sheriff's deputy Rodney James was dispatched to the registered address of the seller's car. At the address, James located the red car in the driveway, missing its license plate, with the seller and appellant inside. James ordered the seller

3.

and appellant to exit the vehicle. The seller exited from the driver's side and appellant from the passenger's side of the vehicle.

A search of the red car revealed a spent silver shell casing in the passenger seat. James also noticed a second car at the address, which was completely covered in dirt except for the driver's rear passenger door. The door's handle had little to no dust on it, as if someone had opened the door. A search of the second car revealed the red car's missing license plate and a firearm. The firearm was the same caliber as the shell casing found in the red car, had been fired once, and contained both silver and brass bullets.

## DISCUSSION

### I. Substantial Evidence Supports the Juvenile Court's Findings

Appellant argues substantial evidence does not support the juvenile court's conclusion that appellant was the shooter. We disagree.

#### A. Legal Standard

"The same standard governs review of the sufficiency of evidence in adult criminal cases and juvenile cases .…" (*In re Matthew A.* (2008) 165 Cal.App.4th 537, 540.) On appeal, this court " 'must determine whether a reasonable trier of fact could have found the prosecution sustained its burden of proving the defendant guilty beyond a reasonable doubt.' " (*People v. Johnson* (1980) 26 Cal.3d 557, 576.) We "examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.)

"All conflicts in the evidence and questions of credibility are resolved in favor of the verdict, drawing every reasonable inference the [fact finder] could draw from the evidence. [Citation.] Reversal on this ground is unwarranted unless ' "upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction]." '

4.

[Citation.] This standard applies whether direct or circumstantial evidence is involved." (*People v. Cardenas* (2015) 239 Cal.App.4th 220, 226–227.)

### B. Analysis

Appellant argues there was no evidence that he was the shooter. Appellant asserts that there was no physical evidence, such as fingerprints, tying him to the gun, that it was not his car, and that he had no motive to carry a gun or to shoot M.R.

We disagree. M.R. testified that he saw the seller's hands shortly before the shooting and did not see the seller holding a gun. M.R. was standing directly by the driver's side door, with one hand on the door trying to open it. M.R. was speaking with and looking at the seller from the moment the seller tried to back the car out of the parking spot, until he was shot. Because M.R. was in a position to see the seller's hands the entire time, did not see the seller holding a gun, and was shot from inside the car, it is reasonable to infer that appellant—the only other person in the car—was the shooter.

Furthermore, the vehicle was moving immediately before M.R. was shot, with the seller first driving backwards, then forwards and onto a sidewalk. When the seller was reversing the car, M.R. was warning him that he was about to hit another vehicle. It is reasonable to infer that the seller was preoccupied with operating the vehicle and avoiding the vehicles around him and did not have an opportunity to locate and pull out a gun, aim the gun at M.R., and shoot.

More importantly, a silver-colored bullet casing was found in the passenger seat where appellant was sitting. The bullet casing matched the caliber of the gun recovered by deputies from the second vehicle. The gun had been fired once and contained both silver and brass bullets. It is reasonable to infer, given the location of the bullet casing, that the shooter was seated in the passenger seat. Because appellant was seated in the passenger seat, M.R.'s testimony and the location of the bullet casing together constitute substantial evidence that appellant was the shooter.

## II. The Sentence Must Be Reduced to 13 Years

Appellant further argues, pursuant to Welfare and Institutions Code section 726, subdivision (d)(1), that the juvenile court should have sentenced him to 13 years. The People concur, as do we.

Welfare and Institutions Code section 726, subdivision (d)(1) states "[i]f the minor is removed from the physical custody of the minor's parent or guardian as the result of an order of wardship made pursuant to [Welfare and Institutions Code] [s]ection 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the middle term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court." The method for selecting the term for the underlying offense applies in selecting the term for an enhancement. (*In re George M.* (1993) 14 Cal.App.4th 376, 381.)

Section 245, subdivision (b) directs a sentence of three, six, or nine years for assault with a semiautomatic firearm. Inflicting great bodily injury pursuant to section 12022.7, subdivision (a) directs an additional sentence of three years. Finally, personally using a firearm in the commission of the offense, pursuant to section 12022.5, subdivisions (a) and (d), directs an additional sentence of three, four, or 10 years.

With a middle term of six years for the assault with a semiautomatic firearm, a term of three years for the great bodily injury enhancement, and the middle term of four years for the personal use of a firearm enhancement, appellant should have been sentenced to a maximum term of 13 years of confinement.

## DISPOSITION

The sentence is vacated and the case remanded with instructions to resentence appellant to a maximum term no greater than 13 years of confinement. The judgment is otherwise affirmed.